IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| USA, ET AL, | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| vs. | ) Case No. 3:24-cv-2592-DWD |
| | ) |
| CITY OF EAST ST. LOUIS, ILLINOIS, | ) |
| | ) |
| **Defendant.** | ) |

**CASE MANAGEMENT ORDER**

**DUGAN, District Judge:**

The following procedures shall be applicable in the instant case. These procedures are intended to assist the Court, counsel, and parties in complying with and meeting the objectives of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Illinois. Counsel should be familiar with these procedures, as well as Judge Dugan's Case Management Procedures.

## I. Discovery Disputes

A. *Procedure for Submitting Unresolved Discovery Disputes to the Court*
   If, after conducting a discovery conference, the parties are unable to resolve the discovery dispute, they shall submit a joint written discovery report to the Court at DWDpd@ilsd.uscourts.gov. The report shall be signed by all parties, and shall detail the date, duration of, and medium used for the discovery conference. The report shall further identify and describe:

   1. All discovery areas or issues discussed by the parties during the discovery conference;
   2. The discovery areas or issues resolved; and
   3. The specific discovery or issues not resolved or still in dispute.

   For any issues not resolved or still in dispute, the report should specify in a clear and concise fashion the exact basis or bases for the objection(s) to each discovery

request and     the proponent's response thereto. Additionally, if written discovery is involved, the parties shall include copies of the complete original discovery request at issue and the corresponding answer or objection.

Any discovery dispute, basis therefor and the basis for any objection to any proposed discovery request may be considered waived if not specified in the joint written discovery report.

Compliance with the above requirements must be demonstrated **prior** to filing of any Motion to Compel, Motion for Protective Order or similar motion or request as provided for in Section C.

In some instances, the Court may rule on the disputes raised in the joint written report without further briefing. Upon receiving the joint written report, the Court will make an entry on the docket notifying the parties regarding how it intends to proceed.

B. *Discovery Motion Practice*

In the event that discovery disputes remain unresolved after submission of the joint written discovery report, either party may file within 14 days of such submission a Motion to Compel, Motion for Protective Order or similar motion or request regarding those reported but unresolved disputes. The party objecting to or disputing the discovery request must file a response, if at all, within 7 days of the filing of the motion. Given that the parties should have complied with the joint report process, any motion or response thereto is limited to 7 pages. The Court may not consider any motions pertaining to unresolved discovery disputes unless the movant demonstrates compliance or a good faith attempt to comply with Section A and B.

C. *Objections During Depositions*
Objections to questions during depositions should simply be stated on the record to be resolved at a later date. Calls to chambers during a deposition are *strongly* discouraged.

D. *Expenses*
In appropriate circumstances, the Court will make an award of expenses in accord with Federal Rules of Civil Procedure 26 and 37.

## II.  Rule 26 Disclosures

A. *Rule 26(a)(3) Earliest Deadline Applies*

**Please note that**, as set forth below, **Judge Dugan is requiring Rule 26(a)(3) disclosures at least 21 days before the final pretrial conference**. In some scenarios, Judge Dugan's deadline will differ from the deadline called for in the federal rules. **When this occurs, parties should ensure that their disclosures are filed on the earliest of the two deadlines**.

B. *Judge Dugan's Rule 26(a)(3) Deadlines and Procedures*
- Rule 26(a)(3) disclosures are due at least **21 days** before the Final Pretrial Conference.

- Objections are due **14 days** after the disclosures are made.

- Rule 26(a)(3) disclosures (and objections) shall be filed electronically with the Clerk of Court.

- Counsel shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference and be prepared to argue them to the Court.

## III.  Motion Practice

- *Motions in Limine*
Unless Judge Dugan enters an order in the instant case setting an alternative deadline, motions in limine shall be filed no later than **10 calendar days before trial**. Responses to motions in limine shall be filed within **7 calendar days after service** of the motion. Untimely motions may be denied or stricken, particularly if their consideration would delay the trial.

- *Daubert Motions*
All *Daubert* motions seeking to exclude expert testimony/evidence shall be filed by the dispositive motion deadline, not the motion *in limine* deadline. **Counsel is ADVISED that *Daubert* motions not filed in accord with this deadline will be denied as untimely filed.**

- *Motions to Dismiss*
In any dismissal motion filed before Judge Dugan, the movant shall clearly state**:** (1) the specific section under which dismissal is sought, *i.e.*, not just "Rule 12(b)" but "Rule 12(b)(1)" or "Rule 12(b)(6)," etc.; (2) whether dismissal is sought of the complaint, the entire case, or just certain parties or claims; and (3) whether

dismissal is sought with prejudice or without prejudice.

See Local Rule 7.1 for briefing deadlines governing dismissal motions, subject to modification by Judge Dugan *via* Order.

- *Trial Briefs*
  Trial Briefs are not required. If filed, they are due **14 calendar days** before the first day of trial. Trial briefs should not be used to rehash issues previously rejected by the Court via ruling on a dispositive motion.

## IV.   Final Pretrial Order

Counsel shall prepare a Final Pretrial Order using Judge Dugan's approved form. This form is different from those used by other Judges.

**Local Rule 16.2(b)(1) provides that the parties shall submit a signed, joint Final Pretrial Order no later than 3 business days prior to the Final Pretrial Conference.** Counsel should e-mail the Final Pretrial Order to Judge Dugan's proposed document in-box at: DWDpd@ilsd.uscourts.gov. The parties should put effort into drafting the summary of the case provided in the Final Pretrial Order, as it is usually the description that is read to the jury during voir dire.

## V.   Exhibit List

The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

The parties shall prepare an Exhibit List using Judge Dugan's approved form (a revision of AO Form 187). In addition to this exhibit list, the parties will receive an email from Judge Dugan's Courtroom Deputy Clerk, Dana Winkeler, ahead of trial with information about preparing a separate exhibit list for use with the Jury Exhibit Retrieval System (JERS). Both exhibit lists must be prepared by all parties. Exhibit lists are generally due the Wednesday before the first day of trial. The Courtroom Deputy will provide more information regarding the deadline in an email ahead of trial.

All exhibits should be pre-marked with Western Arabic numerals for each exhibit. Plaintiff's exhibits should be numbered as Plaintiff's Exhibit 1, Plaintiff's Exhibit 2, *et seq*. Plaintiff's exhibits shall begin numbering with 1 and continue through 99. Defendant's exhibits, should be pre-marked and numbered sequentially, beginning with number 100 and continuing in sequential order. Should Plaintiff have more than 99 exhibits, please notify counsel so that Defendant's exhibits can then begin with 200 (instead of 100). The reasoning for the numbering system is to avoid duplication of exhibit numbers. Duplicate exhibits are not permitted. In other words, if an exhibit is offered by Plaintiff, Defendant should not offer the same exhibit.

Other points to note when preparing the exhibit list:

- Letters should not be used to identify exhibits (*i.e.*, use only 1, 2, 3, 4; do not use 1, 1A, 1B, 2, 2A).
- Do not designate any exhibits as "group" exhibits.
- Designate multiple page exhibits with one exhibit number, using page numbers for further identification.
- Do not group sets of multiple photographs. Give each photograph a separate exhibit number.
- Do not assume that the Court will allow any exhibits to be passed among jurors. Publication will be handled by evidence presentation technology or by use of juror notebooks.

Specific questions about preparing the exhibit list should be directed to the Courtroom Deputy Clerk, Dana Winkeler, by email message to Dana_Winkeler@ilsd.uscourts.gov or raised at the Final Pretrial Conference.

## VI. Witness List

The parties shall disclose the names of witnesses as directed by Federal Rule of Civil Procedure 26(a)(3) and in accord with Judge Dugan's Rule 26(a)(3) disclosure deadlines. Parties shall include in the Final Pretrial Order the name of all persons who may possibly/potentially be called at trial. The list of witnesses in the Final Pretrial Order may be read to the jury during voir dire. Absent extraordinary circumstances, any person not included on the list *will not be permitted to testify at trial*, because his/her name will not have been disclosed to the potential jurors.

If a different deadline is not set in CM/ECF, the witness list is due at the same time as the exhibit lists (generally the Wednesday before the first day of trial), counsel for each party shall e-mail a final list of the witnesses they intend to call at trial to Courtroom Deputy Dana Winkeler at Dana_Winkeler@ilsd.uscourts.gov. Questions regarding the Witness Lists may be addressed to Dana Winkeler at (618) 482-9012.

## VII.  Jury Instructions

Unless Judge Dugan enters an order in the instant case setting an alternative deadline, the parties must submit their entire set of proposed jury instructions in Microsoft Word format to the Court **no later than noon the business day before the final pretrial conference.** Questions regarding the deadline for submitting proposed instructions may be addressed to the law clerk assigned to that case. Jury instructions *are not* filed with the Clerk of Court. **Rather, they are submitted to Judge Dugan's chambers via email** to DWDpd@ilsd.uscourts.gov.

Each instruction should be marked to designate the party offering the instruction (*e.g.*, "Plaintiff's Instruction No. 1") and the source of the instruction (*e.g.*, "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions.*** If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions.

It is not necessary to submit both "marked" and "clean" instructions. Once the final set of instructions has been approved, the Court will remove the annotations from the instructions. The jurors will receive a copy of the final clean instructions.

In non-diversity cases, the Court prefers the Seventh Circuit Pattern Jury Instructions. In cases where the Court sits in diversity, the Seventh Circuit Pattern Jury Instructions should be used for the preliminary and cautionary instructions, and the Illinois Pattern Instructions or comparable state instructions will be used for the substantive law.

## VIII.  Remote Testimony

If any party wishes to offer testimony in open court by contemporaneous transmission from a different location ("remote testimony"), the party must first confer with all parties in interest to determine whether each consents. After conferring, the offering party must file a motion requesting authorization to offer remote testimony at the affected proceeding. Any such motion must contain the following information:

(1) the name and location (city, state, country) of each Remote Witness; (2) the matter on which the Remote Witness will provide testimony; (3) the place from which the Remote Witness will testify (e.g., home, office – no addresses are required); (4) the reasons for requesting remote testimony as to each Remote Witness; (5) the date and time each Remote Witness is expected to present testimony; (6) whether all parties in interest consent to remote testimony; and (7) whether a writ will be required.

If *no* writ is required, the motion must be filed **30 days** before the trial date. However, if a writ *is* required, the motion must be filed **60 days** before the trial date.

**SO ORDERED.**

**DATED: 1/10/2025**

*s/ David W. Dugan*
**DAVID W. DUGAN**
**United States District Judge**