UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case Number: 24-2592 |
| THE CITY OF EAST ST. LOUIS, ILLINOIS | ) ) ) ) | |
| Defendant. | ) | |

**CONSENT MOTION SEEKING ENTRY OF STIPULATION OF JUDGMENT ON LIABILITY, STAY OF LITIGATION, AND INTERIM RELIEF**

The Parties file this Consent Motion and ask the Cout to enter the proposed Stipulation for three reasons.

- First, the Stipulation prevents the Parties from devoting resources required to brief summary judgment motions on an undisputed issue—liability. The City does not dispute that its National Pollutant Discharge Elimination System Permit expired and the operation of its combined sewer system currently violates Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), Sections 12(a), 12(d), and 12(f) of the Illinois Environmental Protection Act, 415 ILCS 5/12(a) (d), and (f), and Sections 302.203, 304.106, 306.102(a), 306.303, 306.304, 309.102(a), and 309.104 of the Illinois Pollution Control Board Water Pollution Regulations, 35 Ill. Adm. Code 302.203, 304.106, 306.102(a), 306.303, 306.304, 309.102(a), and 309.104 . Thus, imposing a stay on the issues of injunctive relief and penalty allows the City to focus its limited resources on returning to compliance rather than the demands of litigation.

1

- Second, the Implementation Schedule incorporated into the Stipulation sets realistic deadlines for advancing the development of critical information needed to achieve the injunctive relief requested in the Complaint, which includes the development of a Long-Term Control Plan to obtain compliance with the Clean Water Act and the Illinois Environmental Protection Act.

- Third, the Stipulation requires the Parties to submit alternating monthly reports, which promotes timely identification and resolution of issues of noncompliance and keeps the public and the Court informed of the City's progress toward compliance, which would lead to resolution of this matter.

In sum, the proposed Stipulation promotes the Parties' desired outcome of this litigation: an approved Long-Term Control Plan that is technically feasible, affordable, and consistent with the goals of the Clean Water Act and the Illinois Environmental Protection Act. The Stipulation should promote resolution while reducing or possibly eliminating the need for additional litigation.

## ARGUMENT

The Complaint filed against the City alleges violations of the CWA and Illinois Environmental Protection Act from overflows of the City's combined sewer system. The proposed Stipulation moves the Parties towards resolution of these claims by requiring the City to take concrete steps to stop dry weather overflows into Whispering Willow Lake in the Frank Holten State Park and reduce wet weather overflows to levels consistent with Federal policy concerning combined sewer system overflows.

The proposed Stipulation sets deadlines for the completion of projects and plans that will help the City investigate and assess alternatives to correct issues with its combined sewer system. Only after these alternatives are assessed can the City prepare a Long-Term Control Plan that meets

the requirements of the Clean Water Act and the Illinois Environmental Protection Act. Put simply, the proposed Stipulation lays the groundwork for an approvable Long-Term Control Plan.

The proposed Stipulation also requires the Parties to submit alternating monthly status reports to the Court. These reports provide both the Court and the public with updates concerning the City's progress towards compliance. Further, these reports will promptly allow the Parties to bring issues of non-compliance to the Court's attention. The reports maintain the pressure of the litigation but avoid the resource drag associated with discovery and motions practice.

The Parties propose this Stipulation rather than entering into a Consent Decree now because the City continues to collect data necessary to prepare a hydraulic model that is needed to make informed decisions about the City's combined sewer system. The City needs more time to develop this model, which will inform expert opinions on the appropriate alternatives the City selects to implement as part of its Long-Term Control Plan. Moreover, the hydraulic model is central to assessing available options to resolve the problems identified in the Complaint. Thus, the hydraulic model is expected to be important in litigation or in advancing any Consent Decree negotiations.

To be sure, the Stipulation is not a substitute for a Consent Decree, nor does it dismiss the case. That said, the United States and State believe that the completion of the plans and hydraulic model will assist the Parties in developing injunctive relief that will help reduce the overflows from its combined sewer system and return the City to compliance with the Clean Water Act and the Illinois Environmental Protection Act. This is the same relief the United States and State expect to achieve through litigation. The proposed Stipulation simply preserves the City's limited resources in doing so.

## CONCLUSION

For the above stated reasons, the United States respectfully requests the Court grant this Motion and approve entry of the Stipulation.

Date: March 11, 2026

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*s/Kristin Furrie*
KRISTIN FURRIE
MATTHEW INDRISANO
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-3308 (Furrie)
Telephone: (202) 535-5969 (Indrisano)
Email: Kristin.Furrie@usdoj.gov
Email: Matthew.Indrisano@usdoj.gov

STEVEN D. WEINHOEFT
United States Attorney
Southern District of Illinois

OF COUNSEL:

COLIN HUGHES
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States EPA
Washington, DC 20460

SOPHIE GRUETERICH
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

FOR THE STATE OF ILLINOIS:
PEOPLE OF THE STATE OF ILLINOIS,
*ex rel*. KWAME RAOUL, Attorney
General of the State of Illinois,

MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Division

s/*Rachel R. Medina*
RACHEL R. MEDINA, Chief
Environmental Bureau
Assistant Attorney General
ARDC # 6297171

OF COUNSEL:

Christina Briggs # 6327367
Caitlin Kelly # 6340850
Assistant Attorneys General
Environmental Bureau
Illinois Attorney General's Office
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 557-0586
christina.briggs@ilag.gov
caitlin.kelly@ilag.gov

5